50518. THE STATE v. HILL.

ARGUED APRIL 8, 1975 — DECIDED JUNE 19, 1975.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, Frederick B. Tyler, Jr., F. Saunders Aldridge, III,* for appellant.

*Augustine & Sullivan, Edward E. Augustine,* for appellee.

CLARK, Judge.

The state brings this appeal from a pretrial order suppressing as evidence the fruits of a search. The

question raised is that of the sufficiency of the affidavit upon which a search warrant issued.

The affidavit reads, in material part: "Within the past seven days affiant was contacted by a source who, to affiant's knowledge, has never previously given information to law enforcement officers. However, this source is believed to be reliable because it is a mature person, regularly employed, demonstrated a truthful demeanor when relating the information, [and] admitted participation in crime — namely the use of drugs — which in affiant's experience a person will generally not do unless telling the truth. The detail stated by the source indicates personal knowledge of what it is talking about. At the time of the above mentioned conversation between affiant and the source, the source stated that within seven days prior to August 13, 1974 [the day the affidavit was sworn to], it had been inside the premises described above and at that time personally observed marijuana . . . The source also stated that it knew the said person [defendant] to be a regular drug user."

Upon trial of defendant's motion to suppress, the judge ruled the affidavit insufficient because it "failed to state how the informer obtained knowledge that the substance observed . . . was marijuana . . ." *Held:*

1. Two criteria must be met in order for a search warrant to issue upon an affidavit containing the hearsay of an informer. First, the affidavit must set forth the reasons for the informer's reliability. Second, the affidavit must show how the informer obtained his information or describe the criminal activity in such detail that the issuing magistrate may know that it is more than a casual rumor circulating in the underworld or an accusation based merely upon general reputation. Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723); Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473); *Cain v. State,* 128 Ga. App. 146 (195 SE2d 797); *Dugan v. State,* 130 Ga. App. 527 (203 SE2d 722).

The second test is designed to inform the issuing magistrate of the underlying circumstances from which the informant concluded that the evidence to be seized was where he claimed it was. See generally, *Cain v. State,*

128 Ga. App. 146, supra; 28 CJS 193, Drugs and Narcotics Supplement, § 133. Defendant argues that this criterion also requires the affiant to set forth how the informant concluded that the substance he saw was a narcotic. Thus, defendant continues, the trial judge properly suppressed the evidence in question since the affidavit does not show how the informant knew the substance he saw was marijuana. We disagree.

A search warrant affidavit is not insufficient merely because it fails to show how the informant knew that the substance he saw was a narcotic. "The suggestion that a search warrant affidavit must allege how the informant knew the drug was methamphetamine is hypercritical and falls before the Ventresca admonitions (United States v. Ventresca, 380 U. S. 102 (85 SC 741, 13 LE2d 684) (1965)) that such affidavits 'must be tested . . . in a common sense and realistic fashion' and '[T]echnical requirements of elaborate specificity . . . have no proper place in this area.' " United States v. Shipstead, 433 F2d 368, 372 (9th Cir. 1970). Accord, Dishman v. State, 3 Tenn. Cr. App. 725 (460 SW2d 855). See also People v. Barajas, 26 Cal. App. 3d 932 (103 Cal. Rptr. 405).

2. In view of our ruling in Division 1, it is unnecessary to consider whether defendant set forth the grounds of her motion to suppress with sufficient specificity.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*