presence" is not sufficient); Institute of Judicial Administration & American Bar Assn., Joint Commission on Juvenile Justice Standards, Standards Relating to Police Handling of Juvenile Problems 69–73 (tent. draft 1977); Note, 57 B. U. L. Rev. 778, 783, 787–788 (1977).

Under all of the circumstances, petitioner's contention that there was no valid waiver of her rights deserves this Court's plenary consideration. At the time that she made the decision to confess, this girl of "low dull normal" intelligence was not old enough, according to state law, to make decisions for herself on such other matters as marriage, voting, drinking alcoholic beverages, entering into an enforceable contract, initiating a lawsuit, and remaining in school.[7] Her mother was hardly in a position to act on petitioner's behalf on the day of the confession, as discussed above. In view of our reaffirmation only last Term that courts must "indulge in every reasonable presumption against waiver," *Brewer* v. *Williams,* 430 U. S. 387, 404 (1977), I would grant the petition for certiorari.

No. 77–646.   BRAND *v.* UNITED STATES, 434 U. S. 1063;

No. 77–856.   PHILLIPS PETROLEUM Co. *v.* SHUTTS, EXECUTOR, ET AL., 434 U. S. 1068;

No. 77–883.   DAPPOLONIA *v.* BOARD OF CHIROPRACTIC EXAMINERS OF FLORIDA, 434 U. S. 1056; and

No. 77–5174.   MURRY *v.* UNITED STATES, *ante,* p. 915.   Petitions for rehearing denied.

---

[7] Ark. Stat. Ann. § 55–102 (Supp. 1977); Ark. Const. Art. 3, § 1, Ark. Stat. Ann. § 3–212 (1976) and §§ 48–902.1 to 48–903.2 (1977); *Robertson* v. *King,* 225 Ark. 276, 278–279, 280 S. W. 2d 402, 403–404 (1955); Ark. Stat. Ann. § 27–823 (1962) and § 80–1502 (1960). In addition, a child of petitioner's age in Arkansas may not, *inter alia,* give blood or obtain a tattoo without parental consent, §§ 82–1606 (Supp. 1977), 41–2468 (1977); play cards in a "saloon," § 41–2459; "frequent" any "pool-hall," § 41–2461; or operate a motor vehicle, §§ 75–310, 75–324 (Supp. 1977).