## 62749. THE STATE v. FINCHER.

POPE, Judge.

This is an appeal by the State from the suppression of evidence in a criminal case involving a violation of the Controlled Substances Act. The trial court determined that the search warrant used in obtaining the evidence was not based upon probable cause because the reliability of an undisclosed source was not adequately shown.

The warrant was issued solely upon the affidavit of a police officer, which stated that he was contacted by an undisclosed informant referred to as Source A. Source A had been known to the officer for three years, was regularly employed, had no criminal record, and had in the past provided reliable information to police. It is undisputed that Source A's reliability was adequately shown by the affidavit. However, Source A's information was based upon his observation of and information received from another undisclosed source. The officer's affidavit stated in pertinent part: "Source A stated that it was contacted by a second source, hereafter referred to as Source B. Source B stated to Source A within 10 days of February 20, 1981 that it could get some cocaine from [certain] premises. Within this 10 days of February 20, 1981, Source A and Source B went

to the [described] premises, Source B went into the above residence and Source B came back to Source A's vehicle and exhibited what was represented to be cocaine by Ronald Fincher [the defendant] to Source A. Source B further stated to Source A it would be able to get more at any time."

The defendant contends the affidavit was insufficient to show the reliability of Source B. " 'Where the hearsay of an informer is relied upon, the affidavit must meet two tests: (1) the reasons for the informer's reliability must be furnished and (2) it must either state how the informer obtained the information or the tip must describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.' [Cit.] The affidavit in the present case gives sufficient reasons to establish the reliability of the first source. [Cit.] Further, the affidavit stated how the first source obtained his information." *King v. State,* 139 Ga. App. 246, 248 (228 SE2d 172) (1976). "These rules governing the evaluation of information from the primary unnamed informant govern also evaluation of information from the secondary sources." State v. Henderson, 40 Or. App. 27, 30 (594 P2d 419) (1979).

The affidavit established the fact that Source A received information from Source B to the effect that Source B could obtain cocaine from a certain location. Source A went with Source B to the location referred to and observed Source B go into the defendant's garage apartment and return to Source A's car. Source B displayed to Source A what was represented to be cocaine by the occupant of the apartment to Source B. Source A sufficiently verified Source B's story through his direct observations so as to establish a substantial basis for crediting the hearsay of the second source. Just as independent police investigation corroborating an informant's statements buttresses the reliability of that informant (United States v. Brand, 556 F2d 1312 (9) (5th Cir. 1977), cert. den. 434 U. S. 1063 (1977), reh. den. 435 U. S. 961 (1977)), so too can a reliable informant verify his source of information. This verification sufficiently established the reliability of Source B in the present case. It was shown that Source B obtained his information by direct observation. He saw the defendant provide him with cocaine. This information is corroborated by Source A's observation of Source B entering the apartment and returning with the alleged cocaine he displayed to Source A. There was sufficient data in the affidavit for the magistrate to determine that Source A was probably truthful when he told that Source B had observed defendant with the controlled substance. State v. Henderson, supra. We hold, therefore, that the affidavit was sufficient to establish probable cause and the trial court erred in

granting the motion to suppress the evidence so obtained.

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 23, 1982 —
REHEARING DENIED MARCH 10, 1982 —

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellant.

*Andrew H. Marshall,* for appellee.