73266. MINCEY v. THE STATE.
(350 SE2d 852)

McMURRAY, Presiding Judge.

Defendant was convicted of two counts of violation of the Georgia Controlled Substances Act (possession of cocaine and possession of marijuana) and following the denial of his motion for new trial, he appeals. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred by denying his motion to suppress. The challenged warrant authorized the search of a mobile home occupied by defendant, also known as "Big Lou." Quantities of cocaine and marijuana were seized during the search. In the motion to suppress, defendant attacked the adequacy of the affidavit upon which the warrant was issued.

In pertinent part, the affidavit read: "Within the past three days, affiant was contacted by a confidential reliable source. Said source is believed to be reliable due to information received from said source in the past which led to the issuance of a search warrant. The search

warrant resulted in one arrest and the seizure of a quantity of cocaine.

"Within the past three days, affiant was contacted by said source who will hereafter be referred to as Source A. Source A stated to affiant that Source A had [spoken] with a person who will hereafter be referred to as Source B. Source A stated to affiant that Source B had informed Source A that Source B had earlier that same day come from 'Big Lou's' residence and had purchased a quantity of cocaine from 'Big Lou.' Source B further informed Source A that Source B had viewed a substantial amount of cocaine in the residence of 'Big Lou.' Source A had also been to the residence of 'Big Lou' on many occasions and had personally viewed and purchased various types of drugs.

"Independent investigation by affiant reveals that Willie L. Mincey AKA 'Big Lou' does reside at the premises described above. This was learned by physical observation by the affiant through being led to the premises by Source A. A 1974 Oldsmobile Delta 88 was parked in front of this premises. Source A informed affiant that the car belonged to 'Big Lou.' Affiant checked the Revenue Department computer files to obtain registration information on this vehicle. The result of the registration check indicated that the vehicle was registered to Willie L. Mincey. Also, affiant consulted Candler County Sheriff Homer Bell concerning the identity of 'Big Lou.' Sheriff Bell informed affiant that 'Big Lou' was Willie L. Mincey. Sheriff Bell [f]urther drove affiant to the residence of Willie L. Mincey which happened to be the same residence [to] which Source A directed affiant."

"[U]nder the 'two-pronged test' derived from the holdings in *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964), and *Spinelli v. United States*, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969), where the hearsay of an informer is relied upon, the affidavit must, in addition to furnishing the reasons for the informer's reliability, state how the informer obtained the information or the tip must describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely upon an individual's reputation. As in the case at bar, ' "(t)hese rules governing the evaluation of information from the primary unnamed informant govern also evaluation of information from the secondary sources." (Cit.)' *State v. Fincher*, 161 Ga. App. 556, 557 (288 SE2d 643) (1982)." *State v. Hockman*, 171 Ga. App. 504, 505 (320 SE2d 241).

The "two-pronged test" was abandoned, however, in favor of the "totality of the circumstances" standard enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527). As it is said: "In *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983) the

United States Supreme Court held that the existence of probable cause for the issuance of a warrant is to be determined, not according to the 'two-pronged test' established in *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964) and *Spinelli v. United States*, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969), but rather in the light of the 'totality of the circumstances' made known to the magistrate. Subsequently, in *Massachusetts v. Upton*, ___ U. S. ___ (104 SC 2085, 80 LE2d 721) (1984), the Supreme Court reaffirmed its holding in *Gates*, and emphasized the rejection of an 'after-the-fact, de novo (probable cause) scrutiny' by reviewing courts. Instead, the Court held that reviewing courts must decide only whether the information, viewed as a whole, provided a substantial basis for the magistrate's finding of probable cause. ' "A grudging or negative attitude by reviewing courts toward warrants," (cit.), is inconsistent both with the desire to encourage use of the warrant process by police officers and with the recognition that once a warrant has been obtained, intrusion upon interests protected by the Fourth Amendment is less severe than otherwise may be the case. (Cit.) A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant.' *Massachusetts v. Upton*, supra at ___.

"Utilizing this standard of review, which was adopted by the Georgia Supreme Court in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), we find that the information, viewed as a whole, provided a substantial basis for the magistrate's finding of probable cause to believe that contraband was located on the premises. ' "Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." (Cit.)' *State v. Hockman*, 171 Ga. App. 504, 506 (320 SE2d 241) (1984)." *Borders v. State*, 173 Ga. App. 110, 111 (325 SE2d 626).

As in *State v. Hockman*, 171 Ga. App. 504, supra, we find only marginal corroboration of the secondary informant's tip. Nevertheless, "we believe the corroboration provided therein sufficiently reduced the chances of a reckless or prevaricating tale so as to provide a substantial basis for crediting the hearsay. See *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984) . . . See also *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984)." *State v. Hockman*, 171 Ga. App. 504, supra at 506. Defendant's first enumeration of error is without merit.

2. The trial court did not express or intimate its opinion as to the guilt of defendant when it responded to the jury's question concerning the significance of the amount of cocaine in a possession case. Defendant's second enumeration of error is without merit.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED NOVEMBER 19, 1986.

*Alan P. Layne*, for appellant.
*Richard A. Malone, District Attorney*, for appellee.