### 75206. CARR v. THE STATE.
### 75207. GLAZE v. THE STATE.
(364 SE2d 633)

McMURRAY, Presiding Judge.

Defendants were convicted of two counts of violating the Georgia Controlled Substances Act. In their identical sole enumeration of error, each defendant contends the trial court erred in denying his motion to suppress evidence seized pursuant to a search warrant. *Held*:

The search warrant was issued solely on the strength of an affidavit executed by Officer B. D. Woods. No oral testimony was presented to the issuing magistrate. In pertinent part, Officer Woods' affidavit reads as follows: "During the first week of November 1986, this officer was contacted by a confidential and reliable informant known to this officer whose information has led to the seizure of contraband and has led to at least one arrest in the past was in the above location within the past seventy-two (72) hours and observed the packaging and sales of contraband namely marijuana. This officer observed the informant enter the above location."

Defendants contend the affidavit was insufficient to support the issuance of the search warrant. We disagree. "In *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), the Supreme Court discarded the strict two-pronged, *Aguilar-Spinelli* requirement of (a) demonstrating an informant's reliability and (b) providing the source of the informant's tip in an affidavit to support issuance of a search warrant, and adopted the 'totality of the circumstances' test. 'The task of the issuing magistrate is simply to make a practical, common-sense decision, whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud(ing)" that probable cause existed.' Id. at 238-239. See also *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984)." *State v. Farmer*, 177 Ga. App. 18, 19 (338 SE2d 489).

Our review of the affidavit leads us to conclude that, using a "practical, common-sense" approach, the issuing magistrate had substantial reason to conclude that probable cause was present. The affidavit demonstrated the veracity of the informant and the basis of his knowledge. Moreover, the information was corroborated somewhat by the affiant's statement that she saw the informant enter the premises.

It cannot be said, therefore, that the affidavit was insufficient. See generally *Mincey v. State*, 180 Ga. App. 898 (1) (350 SE2d 852). The mere fact that the affiant made other affidavits for warrants using language similar to the affidavit in this case is of no consequence. The trial court did not err in denying defendants' motion to suppress evidence.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JANUARY 11, 1988.

*Steven T. Maples*, for appellant (case no. 75206).
*David R. Rogers*, for appellant (case no. 75207).
*Robert E. Wilson, District Attorney, John H. Petrey, Elisabeth G. MacNamara, Assistant District Attorneys*, for appellee.