### 75772. THE STATE v. CASEY.
(365 SE2d 878)

BENHAM, Judge.

Following the execution of a search warrant at his home, appellee was indicted for possession of cocaine, possession of less than one ounce of marijuana, and possession of an article with an altered identification number. Appellee sought suppression of the contraband on the ground that sufficient facts had not been placed before the magistrate to conclude that probable cause existed to search appellee's house. The trial court ordered suppression, and the State appeals from that order. See OCGA § 5-7-1 (4).

The affiant/police officer presented to the magistrate an affidavit in which the officer swore that he had been sent to appellee's house by an investigator to deliver the investigator's business card to appellee. The officer knocked on the door and was told to enter. While in the house, the officer "observed in plain view a package of rolling papers and a smoking pipe with marijuana residue. These items are similar and consistent with items affiant has seen in the past utilized in the inhalation of marijuana." The officer then left the premises in order to obtain a search warrant.

After conducting a hearing on appellee's motion to suppress, the trial court ruled that the affiant's "observation of 'rolling papers' and a 'smoking pipe,' without more, would not constitute probable cause to believe that marijuana was being stored in [appellee's] home." Addressing the affiant's assertion that he had seen marijuana residue in a pipe, the trial court concluded that "it is unrealistic to suggest that an officer could look at a residue in the bowl of a pipe and tell that it was marijuana, and not some similar substance such as tobacco."

The trial court was correct in its conclusion that the observation of cigarette rolling papers and a smoking pipe did not constitute

probable cause to believe the marijuana was in appellee's house. See *L. B. B. III v. State*, 129 Ga. App. 163 (198 SE2d 895) (1973); *Ivins v. State*, 129 Ga. App. 865 (201 SE2d 683) (1973). The question is whether the assertion of the affiant/officer that he saw marijuana residue in the pipe established probable cause to believe appellee's home contained marijuana. " 'The fact that contraband was present in the house may well furnish probable cause for the issuance of a search warrant. . . .' " *Rowe v. State*, 184 Ga. App. 437 (1) (361 SE2d 705) (1987). However, the affiant/officer's assertion that he had seen contraband (marijuana residue) in appellee's house is conclusory, and the affidavit contains no information concerning the affiant's ability to distinguish marijuana residue from tobacco residue. "Mere conclusions have no probative value and are not admissible in evidence. [Cit.]" *Ivins v. State*, supra at 866. While we adhere to the principle that the affidavit "is not insufficient merely because it fails to show how the [affiant] knew that the substance he saw was a narcotic" (*State v. Hill*, 135 Ga. App. 214 (1) (217 SE2d 190) (1975)), we must also recognize that in cases cited by the State the contraband was in a form in which it was recognizable (*State v. Hill*, supra, marijuana; *Rowe v. State*, supra, marijuana), or the person seeing it had a background that established a "fair probability" that the person recognized the spotted contraband. See *State v. Farmer*, 177 Ga. App. 18, 19 (338 SE2d 489) (1985). Since the record does not contain the distinguishing characteristic that might have made this residue readily recognizable as marijuana residue rather than tobacco residue, we must affirm the trial court's grant of appellee's motion to suppress. As stated by the trial court, "[w]hile it might be reasonable to assume that a police officer could identify a plant or a green leafy substance as marijuana, it is unrealistic to suggest that an officer could look at a residue in the bowl of a pipe and tell that it was marijuana, and not some similar substance such as tobacco."

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 2, 1988.

*C. Andrew Fuller, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellant.
*Christopher J. Walker III*, for appellee.