A93A0410. THE STATE v. LAW et al.
(432 SE2d 110)

BLACKBURN, Judge.

On February 13, 1992, a Hall County magistrate issued a search warrant concerning the appellees' residence, pursuant to an application and affidavit submitted by an investigator with the sheriff's department. During the execution of the warrant, approximately 300 grams of marijuana were seized, and one of the appellees admitted to traveling to Atlanta several times a week, purchasing one pound of marijuana on each trip. The next day, the magistrate issued another warrant to search a safety deposit box rented to the appellees, based upon another application and affidavit by the same investigator recounting the evidence seized the day before.

Subsequently, the appellees were indicted for possession of marijuana with the intent to distribute, and possession of more than one ounce of marijuana. They filed a motion to suppress the evidence seized during both searches, on the grounds that the applications and affidavits were insufficient to establish the requisite probable cause for issuance of search warrants. The trial court granted that motion, and this appeal by the state followed.

The affidavit submitted in support of the first warrant stated that the "affiant was contacted by a concerned citizen who affiant considers to be true and reliable. Said concerned citizen stated to affiant that on or between the above dates it, the concerned citizen, was at the above described premises and did personally observe a quantity of a green leafy material being kept and stored at the above described premises which was represented to it, the informant, as being marijuana. Said concerned citizen has provided affiant with information in regard to at least two separate on-going drug investigations, which affiant, through the course of independent investigations, has proven to be true and correct."

At the hearing on the motion, counsel for the appellees stated that he was "not saying that [the information contained in the affidavit] wasn't believable to the magistrate and that he didn't have probable cause." Rather, the appellees contended that some of the infor-

mation before the magistrate was incorrect (specifically, one appellee owned a maroon Chevrolet pickup truck, and not a red Ford truck as reported); that the inconsistency between the description of the informant as a concerned citizen in the first affidavit, and as a confidential informant in the second affidavit cast doubt upon the reliability of the information obtained from the informant; and that the first affidavit failed to indicate how the concerned citizen knew that the substance was marijuana.

In its order granting the appellees' motion to suppress, the trial court emphasized that although the informant personally observed the green leafy material, another individual had told the informant that the substance was marijuana. Because the affidavit neither identified the other individual nor stated how that individual knew that the substance was marijuana, the trial court considered the affidavit conclusory and insufficient to support a finding of probable cause. Further, because the affidavit submitted in support of the second warrant was predicated upon some information obtained in the first search, the trial court also excluded the evidence seized during the second search.

In *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), the Supreme Court adopted a "totality of the circumstances" test in determining the sufficiency of an affidavit to support issuance of a search warrant. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud(ing)' that probable cause existed." Id. at 238-239. See also *Carr v. State*, 185 Ga. App. 504 (364 SE2d 633) (1988).

Even before the Supreme Court's adoption of the "totality of the circumstances" test, this court held that "[a] search warrant affidavit is not insufficient merely because it fails to show how the informant knew that the substance he saw was a narcotic." *State v. Hill*, 135 Ga. App. 214, 216 (217 SE2d 190) (1975). In finding the affidavit in this case conclusory because of its failure to indicate how the informant knew the green leafy material was marijuana, the trial court relied upon *State v. Casey*, 185 Ga. App. 726 (365 SE2d 878) (1988). However, *Casey* involved an affiant who professed to identify marijuana in a condition not readily recognizable, i.e., residue in a pipe, without showing how that residue was distinguishable from a similar substance such as tobacco. Because the marijuana in the instant case was observed in its usual, green and leafy state, *Casey* is inapposite.

In *McQueen v. State*, 189 Ga. App. 743 (377 SE2d 682) (1989),

this court upheld the denial of a motion to suppress, where the affidavit submitted in support of the search warrant stated that " 'the confidential and reliable informant did personally see a quantity of green leafy material being stored at the location which was represented to the confidential and reliable informant as marijuana.' " Although the affidavit identified the other individual as someone known to the informant as "Bill" who resided at the subject premises, it failed to state how the other individual knew that the green leafy material was marijuana. In this regard, the affidavit in *McQueen* is too similar to the affidavit in question here to be distinguished.

As in *McQueen*, we conclude that the information set forth in the first affidavit provided a substantial basis for a belief that marijuana could be found on the appellees' premises. Accordingly, the trial court erred in granting the appellees' motion to suppress.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED MAY 26, 1993.

*C. Andrew Fuller, District Attorney, Lee Darragh, John G. Wilbanks, Jr., Assistant District Attorneys*, for appellant.
*Whitmer & Law, James H. Whitmer*, for appellees.

