## A92A1017. MUNSON v. THE STATE.
### (438 SE2d 123)

ANDREWS, Judge.

In *Munson v. State*, 206 Ga. App. 76 (424 SE2d 290) (1992), we affirmed Munson's conviction for growing marijuana in violation of the Georgia Controlled Substances Act and, based upon the good faith exception to the exclusionary rule, rejected his argument that the trial court erred by failing to grant his motion to suppress. Subsequent to our decision, the Georgia Supreme Court decided in *Gary v. State*, 262 Ga. 573 (422 SE2d 426) (1992), that the good faith exception to the exclusionary rule was not applicable as a matter of state law in Georgia, and remanded this case for our reconsideration. Our task now is to determine whether the warrant used to search Munson's residence was supported by probable cause. The facts necessary to this determination are the following.

At the hearing on the motion to suppress, Henry County Officer Scott Perry testified that he presented only the information in the affidavit to the magistrate issuing the warrant. The affidavit at issue stated: "Within the past (24) twenty-four hours, prior to date and time of this affidavit, your Affiant was contacted by a Confidential and Reliable Informant. Said source stated to your affiant that he/she was told by an unwitting [third party source of information] that said third party had been at 451 Old Hudson Bridge Road within the past (7) seven days and observed marijuana being grown at said residence. Said unwitting further stated to Confidential Informant that he/she had been in residence before and observed marijuana and other controlled substances being used and sold at 451 Old Hudson Bridge Road. Said third party did not know that the Confidential Informant would contact the Sheriff's Department and give them the information. Said Confidential Informant was also told by unwitting that Al-

vin Munson works for the Clayton County Water Authority and Alvin Munson has marijuana growing in Clayton County on property that is owned by Clayton County Water Authority."

Officer Perry then swore that he had conducted an independent investigation in which he confirmed Munson's address, that Munson owned a car, worked for Clayton County Water Authority and that he had been arrested before. Further, the affiant swore that he contacted the Clayton County Narcotic Task Force which investigated and found marijuana growing on the Clayton County Water Authority property. The affidavit concluded with a description of the location of the property.

At the hearing on the motion to suppress, Officer Perry testified that the confidential informant had never previously provided him with information, but that a Clayton County narcotics detective had informed him that based on information from this informant, four previous arrests for marijuana and cocaine possession had been made. Officer Perry further testified that due to a mistake on his part this information was omitted from the affidavit and was not provided to the magistrate. See *Gary*, supra at 577. Officer Perry testified that neither he nor the confidential informant knew the name of the "unwitting" who related the information to the informant.

"In determining whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant, we employ the 'totality of the circumstances' analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by this court in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984). . . . Under that analysis, '(t)he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud(ing)' that probable cause existed. (Cit.)" *Gary*, supra at 577. "An informant's veracity, reliability, and basis of knowledge are 'highly relevant in determining the value of his report' and while these elements are not 'entirely separate and independent elements to be rigidly exacted in every case,' they are 'closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place.' *Illinois v. Gates*, supra at 230." *State v. Brown*, 186 Ga. App. 155, 157 (2) (366 SE2d 816) (1988); see also *State v. White*, 196 Ga. App. 685 (396 SE2d 601) (1990).

The "totality of the circumstances" analysis applies also in situations in which there are two informers. "As in the case at bar, these

rules governing the evaluation of information from the primary unnamed informant govern also evaluation of information from the secondary sources." (Citations and punctuation omitted.) *State v. Hockman*, 171 Ga. App. 504, 505 (320 SE2d 241) (1984); see generally *State v. Fincher*, 161 Ga. App. 556, 557 (288 SE2d 643) (1982).

Here, Munson argues that the magistrate did not have a substantial basis for concluding that probable cause existed since the affidavit does not support the reliability of either informant and the information contained therein was equivalent to a rumor. We disagree. The "totality of the circumstances" approach from *Illinois v. Gates*, supra, replaced the "two-pronged test" from *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964), and *Spinelli v. United States*, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969), which required a showing of 1) the informant's reliability and 2) the source of the informer's information. See *State v. Stephens*, supra at 182. That two-pronged test was rejected as "hypertechnical and divorced from the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." (Citations and punctuation omitted.) *Curry v. State*, 255 Ga. 215, 217 (1) (336 SE2d 762) (1985). Thus, although information regarding the reliability of the informant is highly relevant to the totality of the circumstances determination, the absence of significant information regarding reliability is not necessarily fatal to an affidavit. Indeed, "[c]orroboration of the information given by an informant may provide a substantial basis for finding probable cause, despite deficiencies in the showing of the informant's veracity, reliability, or basis of knowledge. *Curry v. State*, [supra]; *Mincey v. State*, 180 Ga. App. 898 (350 SE2d 852) (1986)." *Butler v. State*, 192 Ga. App. 710, 712 (1) (386 SE2d 371) (1989).

In the instant case, the fact that the only indication in the affidavit of the reliability of either source was the affiant's conclusory statement that the confidential informer was "reliable" does not end our consideration.[1] This deficiency was corrected by the corroboration of the information which provided a substantial basis for finding probable cause. The independent investigation Officer Perry undertook established that Munson lived where the "unwitting" said he did and confirmed that Munson was employed by the Clayton County Water Authority. His investigation confirmed that marijuana was growing at Munson's workplace, Clayton County Water Authority property. Finally, Officer Perry learned that Munson had been arrested previously. The corroboration of the information given by the "unwitting"

---

[1] Although we make no determination here regarding whether the "unwitting's" ignorance that the confidential informer would communicate this information to the police indicates reliability, we note that this factor has been considered as an indicator of reliability. See *State v. Hockman*, supra at 505.

provided the probable cause to believe that contraband was located on Munson's property. Compare *State v. White*, 196 Ga. App. 685 (396 SE2d 601) (1990).

"A grudging or negative attitude by reviewing courts toward warrants, is inconsistent both with the desire to encourage use of the warrant process by police officers and with the recognition that once a warrant has been obtained, intrusion upon interests protected by the Fourth Amendment is less severe than otherwise may be the case. A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant. . . . Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." (Citations and punctuation omitted.) *Mincey*, supra at 900; see also *Adams v. State*, 201 Ga. App. 12, 14 (2) (410 SE2d 139) (1991). Accordingly, the trial court correctly denied the motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Beasley, P. J., concur.*

DECIDED NOVEMBER 3, 1993 —
RECONSIDERATION DENIED NOVEMBER 22, 1993 —

*Edea M. Caldwell*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.

