### A94A1424. WOOD v. THE STATE.
(449 SE2d 308)

JOHNSON, Judge.

Carol Wood appeals the denial of her motion to suppress and subsequent conviction on one count of possession of amphetamines. Wood was arrested after a search of her home conducted by the Rome/Floyd Metro Task Force, pursuant to a search warrant, yielded a plastic bag containing amphetamine residue. She asserts that the trial court erred in denying her motion to suppress because the affidavit supporting the search warrant did not establish probable cause.

1. The affidavit upon which the search warrant was issued stated that a reliable informant related to the affiant that he had been told by an unidentified third party that he had seen methamphetamines at Wood's home. According to the affidavit, the reliable informant told the officer that this unidentified third party did not know that he would be passing the information along to the police. The reliable informant had no independent knowledge of these facts, but stated that his source "had no reason to lie" to him. Compare *State v. Law*, 208 Ga. App. 744 (432 SE2d 110) (1993), in which the informant actually saw the contraband but a third party identified it as such for him.

"In determining whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant, we employ the totality of the circumstances analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by [the Georgia Supreme Court] in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), with the admonition that prudence counsels that *Gates* be considered as the outer limit of probable cause. Under that analysis, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In addition, [the Georgia Supreme Court] has cautioned attesting officers and magistrates to make every effort to see that supporting affidavits reflect the maximum indication of reliability." (Citations, punctuation and emphasis omitted.) *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992).

The facts surrounding the affidavit upon which the magistrate relied in issuing the search warrant in this case are similar to those in

*Munson v. State*, 211 Ga. App. 80 (438 SE2d 123) (1993), in which this court noted: "[T]he 'totality of the circumstances' analysis applies also in situations in which there are two informers." Id. at 81. A deficiency created by the fact that the reliability of either source has not been established can be corrected by the corroboration of the information, thereby providing a substantial basis for finding probable cause. Id. at 82. In *Munson* the affiant corrected the deficiency by conducting an independent investigation of the information, verifying not only Munson's address, but also by involving another law enforcement agency which further investigated and confirmed that marijuana was growing at the location indicated by the informant. The affiant in this case, however, did nothing more to corroborate the information of the reliable informant than to confirm Wood's address, the make of her car and her hair color. Nothing whatsoever was done to corroborate the unidentified third-party's information. These steps, which merely verified Wood's identity but did not tie her to the commission of any crime, do not constitute corroboration so as to cure the deficiency created by the affiant's reliance on information from a source whose reliability had not been established. No matter how truthful or sincere the information from the reliable source, the crucial question is the unidentified third-party's reliability, and that is simply not established in the affidavit. " 'Our decisions applying the totality of circumstances analysis have consistently recognized the value of corroboration of details of an informant's tip by independent police work.' [Cit.]" (Punctuation omitted.) *State v. Stephens*, 252 Ga. 181, 183 (311 SE2d 823) (1984). In this case, the independent investigation done by the police in an effort to corroborate the information was insufficient. See *Davis v. State*, 214 Ga. App. 36 (447 SE2d 68) (1994).

We acknowledge that in doubtful or marginal cases preference should be afforded to upholding the warrant. *Mincey v. State*, 180 Ga. App. 898, 900 (350 SE2d 852) (1986). Nonetheless, we find here that the uncorroborated statement of an unnamed third-party source, as filtered through a reliable informant to a police affiant, did not give rise to probable cause sufficient to support the issuance of a search warrant. The trial court erred in denying Wood's motion to suppress.

2. In light of our holding in Division 1 above, we need not address Wood's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., Beasley, P. J., Blackburn, Smith and Ruffin, JJ., concur. Pope, C. J., Birdsong, P. J., and Andrews, J., dissent.*

ANDREWS, Judge, dissenting.

I respectfully dissent as I believe the warrant is supported by probable cause. Although the majority purports to apply the totality of circumstances analysis, it bases its decision solely on the fact that

the unidentified third-party's reliability is not established by the affidavit or otherwise. However, under the totality of circumstances analysis, the issuing magistrate is to make a practical, common-sense decision whether there is a fair probability contraband will be found in a particular place based on *all* the circumstances described in the affidavit before him, not just the veracity of persons supplying hearsay information. See *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992). We have specifically stated that "although information regarding the reliability of the informant is highly relevant to the totality of circumstances determination, the absence of significant information regarding reliability is not necessarily fatal to an affidavit." *Munson v. State*, 211 Ga. App. 80, 82 (438 SE2d 123) (1993). Indeed, we have said that a grudging or negative attitude by reviewing courts toward warrants is inconsistent with the desire to encourage police officers to use the warrant process and with the recognition that once a warrant has been obtained, intrusion on the interests protected by the Fourth Amendment is less severe. *Mincey v. State*, 180 Ga. App. 898, 900 (1) (350 SE2d 852) (1986). We have further said that preference should be accorded to upholding warrants in doubtful or marginal cases. Id.

While the majority purports to adhere to these standards, in my view, its opinion represents a return to the two-pronged *Aguilar-Spinelli* requirement of demonstration of the informant's reliability and basis of knowledge. However, we rejected this test as "hypertechnical and divorced from the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act" in order to allow magistrates, many of whom are not lawyers, to make a practical, common-sense decision as to whether probable cause exists. See *Munson*, supra at 82.

Looking at the totality of circumstances and applying a practical common-sense analysis, I would find the warrant was supported by probable cause. The affidavit stated that Source B had told Source A that he had been in Wood's residence, described as 1616 Wax Road and had seen a quantity of methamphetamine in Wood's possession. Source A, who by all accounts was a reliable informant, had further told the affiant that he knew of no reason for Source B to lie and that Source B did not know this information would be communicated to the police. Source A also told the affiant that Wood, who was apparently known by both Sources A and B, had red hair and drove a white Chevy Caprice. Police, by independent investigation, corroborated that Wood had red hair, drove a white Chevy Caprice, and lived at the address in question.

Contrary to the majority's assertion, I do not find the information provided by Source B to be completely unreliable. Rather than detracting from the unwitting, third-party's reliability, the fact that the unwitting did not know the reliable informant would commun-

cate this information to police has been considered an indicator of reliability. See *State v. Hockman*, 171 Ga. App. 504, 505-506 (320 SE2d 241) (1984); see also *Munson*, supra at 82, n. 1. Furthermore, the independent investigation conducted by police corroborated that Wood lived at the house where Source B said he saw the contraband in Wood's possession and that Wood and her car fit the description given by the reliable informant. In my view, the independent investigation conducted by the police was not insufficient since the police corroborated all the details of the information provided by both sources that they possibly could. Certainly, it cannot be argued that the police should have asked Source B if his information was true since it is likely that Source B, who did not know the information would be communicated to the police, would have alerted Wood to such an inquiry. Because I find there was some indication of the reliability of Source B and that the police did provide corroboration of the information obtained by both sources, I would hold that probable cause existed to believe contraband was located at Wood's home and that the trial court properly denied the motion to suppress. See *Mincey*, supra at 900; *Hockman*, supra at 506.

I am authorized to state that Chief Judge Pope and Presiding Judge Birdsong join in this dissent.

DECIDED SEPTEMBER 27, 1994 —
RECONSIDERATION DENIED OCTOBER 18, 1994 — ▪

*Lorie A. Moss*, for appellant.
*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney*, for appellee.