## A99A0290. THE STATE v. WESSON.
(516 SE2d 826)

JOHNSON, Chief Judge.

Charles Wesson was charged with possession of marijuana, manufacture of marijuana, and possession of marijuana with intent to distribute. The trial court granted Wesson's motion to suppress evidence seized during a search of his home. The state appeals from that ruling. We affirm.

A narcotics agent applied for a warrant to search Wesson's home. In his affidavit in support of the warrant, the agent provided the following relevant information: a confidential informant, who had previously supplied police with information resulting in a drug arrest,

assisted agents in making a controlled buy of marijuana from a suspect ("the seller"); police obtained and executed a warrant to search the seller's home, where they found marijuana and records showing Wesson's phone number and a dollar amount; the confidential informant told officers that the seller provided Wesson with marijuana; and the seller told officers he had sold marijuana to Wesson within the past 24 hours. At the suppression hearing the agent testified that he provided the magistrate with oral testimony as well. When asked what that oral testimony was, the agent responded that he advised the magistrate about "complaints from [the sheriff]," but did not elaborate. And when asked if he included anything about such complaints in a written summary of his oral testimony provided to the district attorney, the agent admitted he did not. The agent did not give any other oral testimony in support of the warrant application.

Wesson moved to suppress evidence seized from his residence, complaining that the warrant was issued based on the seller's tip when his reliability and credibility had not been established. At the suppression hearing, the agent admitted that the seller was not a reliable informant and that he had not received information from the seller before. The agent could not recall what was on the paper which, according to his affidavit, reportedly showed Wesson's phone number and a dollar amount; he did not have the paper with him at the hearing. Without giving its reason therefor, the trial court granted the motion to suppress.

In its sole enumeration of error, the state contends this ruling was erroneous because the seller established his reliability by telling police that he sold marijuana to Wesson, which was a statement against his own interest. Alternatively, the state argues that even if the seller's statement did not establish probable cause, probable cause was established when that statement was combined with other information provided to the issuing magistrate, namely the paper purportedly showing Wesson's phone number and a dollar amount and the reliable confidential informant's statement that the seller provided drugs to Wesson.

Our responsibility in reviewing a trial court's ruling on a motion to suppress is to ensure that there was a substantial basis for the decision; we construe the evidence most favorably to uphold the findings and judgment of the trial court. *Gonzalez v. State*, 235 Ga. App. 253 (509 SE2d 144) (1998).

An affidavit submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the information and the informant. *State v. Bryant*, 210 Ga. App. 319, 320 (436 SE2d 57) (1993). In determining whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant, we consider the total-

ity of the circumstances. *Wood v. State*, 214 Ga. App. 848, 849 (1) (449 SE2d 308) (1994). In cases such as this one, where there are two informants, a deficiency created by the fact that the reliability of either source has not been established can be corrected by the corroboration of the information, thereby providing a substantial basis for finding probable cause. Id. However, in the case before us, the affidavit does not set forth sufficient facts from which the issuing magistrate could have determined that the information and the informants were reliable.The unnamed seller's statement that he sold drugs to Wesson did not establish probable cause. At the hearing, the agent testified that the seller was not known to be reliable. Contrary to the state's arguments, his tip was not made inherently reliable by either the fact that the information provided was against his interest or by corroboration.

When a *named* informant makes a declaration against his interest and based on personal observation, that in itself provides a substantial basis for the magistrate to credit his statement. See *Sosebee v. State*, 227 Ga. App. 21, 23 (488 SE2d 102) (1997). The seller's statement was clearly made against his own interest. However, as the state concedes, that principle of law applies to *named* informants, i.e., those informants whose identities have been disclosed to the magistrate. See id.; *Williams v. State*, 256 Ga. 609, 610 (1) (351 SE2d 454) (1987); *Victrum v. State*, 203 Ga. App. 377, 379 (2) (416 SE2d 740) (1992); *Midura v. State*, 183 Ga. App. 523, 525 (4) (359 SE2d 416) (1987); *Aldridge v. State*, 153 Ga. App. 744 (1) (266 SE2d 513) (1980). And, as the state further concedes, the seller in this case was not a named informant. Compare *Hardy v. State*, 162 Ga. App. 797, 798 (2) (292 SE2d 902) (1982) (officer provided magistrate with oral testimony identifying informant who was unnamed in affidavit). We are not inclined to extend the "statement against interest" rule to encompass uncorroborated statements made by unnamed informants whose reliability has not been established. See *Polke v. State*, 203 Ga. App. 306, 308 (1) (417 SE2d 22) (1992).

Even if an officer cannot provide information regarding the veracity of an informant or the basis of his knowledge, a tip may be proved reliable if portions of the tip are sufficiently corroborated. *Langford v. State*, 213 Ga. App. 232, 234 (1) (444 SE2d 153) (1994); see *VonLinsowe v. State*, 213 Ga. App. 619, 621 (1) (445 SE2d 371) (1994). For the corroboration to be meaningful, the information corroborated must include a range of details relating to future actions of third parties not easily predicted, not to easily obtained current facts. See *Bryant*, supra at 321.

In this case, the confidential informant's tip that the seller provided Wesson with drugs does not corroborate the seller's tip. The confidential informant may have been reliable, but his information in

this case was not. The tip contained no details or predictive information whatsoever. Moreover, there has been no showing that the confidential informant's tip was based on personal knowledge. Therefore, the tip is relegated to the status of a casual rumor. See *Caswell v. State*, 219 Ga. App. 787, 788 (466 SE2d 907) (1996). Mere rumors of criminal activity do not establish probable cause. See *Polke*, supra.

Furthermore, the record found in the seller's home reportedly showing Wesson's phone number and a dollar amount does not corroborate the unnamed seller's statement. Assuming, arguendo, such a record is evidence of a drug sale, the agent testifying did not have the record at the hearing and was unable to testify with any certainty as to what was written on it. This purported record, coupled with the confidential informant's tip, was not enough to salvage the unnamed seller's information.

Appellate courts have consistently recognized the value of corroborating the details of a tip by independent police work. See *Wood*, supra; *Burgess v. State*, 232 Ga. App. 441, 444 (1) (502 SE2d 303) (1998). The police in this case failed to independently investigate the seller's tip in order to corroborate the information. *Wood*, supra. Considering the totality of the circumstances, and viewing the evidence so as to uphold the ruling of the trial court, we conclude that the magistrate did not have a substantial basis for concluding that probable cause existed. See *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992). The trial court did not err in granting Wesson's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED APRIL 28, 1999.

*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney*, for appellant.

*Kenneth D. Bruce, Carlton H. Vines*, for appellee.