## A01A0091. BRAGG v. THE STATE.
(548 SE2d 121)

MILLER, Judge.

Executing a search warrant, police found in Stephen Bragg's residence and car 28.5 grams of cocaine, 172 MDMA ("Ecstasy") tablets, ten pounds of marijuana, a rifle, and more than $19,000 in cash. Following an evidentiary hearing the court denied his motion to suppress, and following a bench trial it convicted him of trafficking in cocaine,[1] possession of marijuana with intent to distribute,[2] possession of MDMA with intent to distribute,[3] and possession of a firearm during the commission of the above crimes.[4] He appeals, citing as the sole error the denial of his motion to suppress. He argues that the underlying affidavit for the search warrant failed to show probable cause and that the officer omitted key information in making the affidavit. We disagree and affirm.

1. With regard to the facts, appellate review of a trial court's order denying a motion to suppress follows three principles:

> First, the trial judge sits as the trier of facts, and his findings are analogous to a jury verdict and should not be disturbed if there is any evidence to support the findings. Second, the trial court's decisions on the credibility of witnesses and questions of fact must be accepted unless clearly erroneous. Third, the appellate court must construe the evidence most favorably to the upholding of the trial court's findings and judgments.[5]

So construed, the officer's warrant affidavit and his oral testimony authorized the following:

Confidential informant No. 1 told police that illegal drugs (specifically cocaine) were being sold from Johnson Mobile Home Park, lot no. 44. Although the affiant told the magistrate that this informant was a reliable source, he did not inform the magistrate why the informant was considered reliable or his prior history in giving information to police. Police attempted to set up a controlled purchase by providing No. 1 with county funds for the purchase of drugs from lot no. 44 and by setting up surveillance of No. 1's residence and of lot no. 44. No. 1 knew someone who could buy drugs from lot no. 44 and arranged to have that person come and pick up the money from No.

---

[1] OCGA § 16-13-31 (a) (1).
[2] OCGA § 16-13-30 (b), (j) (1).
[3] OCGA § 16-13-30 (b).
[4] OCGA § 16-11-106 (b) (4).
[5] *Mitchell v. State*, 239 Ga. App. 735 (1) (521 SE2d 873) (1999), citing *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

1's residence.

Police observed an unknown man (unnamed informant No. 2) arrive at No. 1's residence in a vehicle and then leave and drive to lot no. 44. No. 1 informed police via phone that No. 2 had come to No. 1's residence, picked up the cash, and was driving a particular vehicle to purchase drugs from lot no. 44. Police observed No. 2 exit his vehicle at lot no. 44, go into the residence for a few minutes, and then leave. His route was the way back to No. 1's residence.

Police stopped No. 2's car and, obtaining his consent, searched the vehicle, finding cocaine just outside the car in a plastic bag. They arrested No. 2 for possession of cocaine and took him to the police station. No. 2 confessed that he had just purchased the cocaine found near his vehicle from Bragg at lot no. 44 and that he had purchased cocaine from Bragg at this location at least 100 times.

No. 1 informed police that Bragg drove a white Mustang car, which police observed at lot no. 44 and which they confirmed was registered to Bragg's girlfriend. Based on the totality of this sworn information, the magistrate found probable cause and issued a search warrant for lot no. 44, which led to the discovery of the evidence at issue.

2. The question on appeal is whether the sworn testimony given to the magistrate, both oral[6] and written, provided him a substantial basis for concluding probable cause existed to issue the search warrant.[7] In determining probable cause, the magistrate's task is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."[8] Because of the Fourth Amendment's strong preference for searches conducted pursuant to a warrant, substantial deference is accorded the magistrate's finding of probable cause, and doubtful or marginal cases should be largely determined in favor of finding the warrant valid.[9]

Beyond the vague and conclusory reference to No. 1 being "reliable," the testimony here gave the magistrate little basis for independently determining the veracity of the informants. Even though some statements of the informants may have been against their penal

---

[6] *Pettus v. State*, 237 Ga. App. 143, 144 (2) (514 SE2d 901) (1999) ("It is well established that the trial court may consider oral testimony presented to a magistrate in support of the issuance of a warrant. [Cit.]").

[7] *DeYoung v. State*, 268 Ga. 780, 787 (7) (493 SE2d 157) (1997).

[8] (Citation and punctuation omitted.) Id.; see *Mitchell,* supra, 239 Ga. App. at 736 (1).

[9] *State v. Henderson*, 271 Ga. 264, 269-270 (4) (517 SE2d 61) (1999); *DeYoung,* supra, 268 Ga. at 787 (7); accord *State v. Towe*, 246 Ga. App. 808, 811 (1) (541 SE2d 423) (2000); *Mincey v. State*, 180 Ga. App. 898, 900 (1) (350 SE2d 852) (1986).

interest, the "statement against interest" rule does not give credence to statements made by *unnamed* informants, i.e., informants whose identities are not disclosed to the magistrate, as here.[10] But "[e]ven if an officer cannot provide information regarding the veracity of an informant or the basis of his knowledge, a tip may be proved reliable if portions of the tip are sufficiently corroborated."[11] Meaningful corroboration requires the information to include a range of details relating to future actions of third parties not easily predicted.[12]

Here the information from the two informants was sufficiently corroborated and showed in part the basis of their knowledge. No. 1 predicted that No. 2, then an unknown third party, would come to his residence, pick up the money, and go and buy cocaine from lot no. 44. The police observed No. 2 arrive at No. 1's residence, meet with No. 1, drive to lot no. 44, stay a few minutes, and then leave. The police then stopped No. 2 and found him with cocaine. No. 2 then corroborated No. 1's statements, confirming he had just purchased the cocaine from Bragg at lot no. 44 and that he had purchased cocaine there at least 100 times before. No. 2's statements about the recent purchase were consistent with police observations and the physical evidence. Police also confirmed No. 1's statement that Bragg drove a white Mustang car, which they saw at lot no. 44 and which they determined was registered to Bragg's girlfriend.

3. Citing *Robertson v. State*,[13] Bragg contends that the failure of the affiant officer to inform the magistrate of a promise made to No. 2 regarding receiving favorable treatment if he cooperated deprived the magistrate of the opportunity to independently determine the reliability of that informant. This argument is without merit for two reasons.

First, as found by the trial court, the only omitted information was that the officers told No. 2 they could make no promises, but that they would nevertheless make his cooperation known to the district attorney and that he might receive favorable treatment thereby. This is a far cry from the information omitted in *Robertson*, in which police failed to inform the magistrate of the informant's criminal background, his pending DUI charge and the possible revocation of his probation or parole, his approaching police about giving informa-

---

[10] *State v. Wesson*, 237 Ga. App. 789, 791 (516 SE2d 826) (1999); see *Bellamy v. State*, 243 Ga. App. 575, 578 (1) (b) (530 SE2d 243) (2000); compare *Tomlinson v. State*, 242 Ga. App. 117, 119 (527 SE2d 626) (2000) (applying the "statement against interest" rule to a statement by a named informant, court distinguishes cases involving unnamed informants).

[11] (Citations omitted.) *Wesson*, supra, 237 Ga. App. at 791; accord *Bellamy*, supra, 243 Ga. App. at 578 (1) (b); *Burgess v. State*, 232 Ga. App. 441, 444 (1) (502 SE2d 303) (1998); see *Munson v. State*, 211 Ga. App. 80, 82 (438 SE2d 123) (1993).

[12] *Wesson*, supra, 237 Ga. App. at 791.

[13] 236 Ga. App. 68, 70 (510 SE2d 914) (1999).

tion if they would help him with the DUI charge, their response that they would make the judge aware of his cooperation and assistance, and the informant's personal animosity toward the defendant.[14] The information omitted in *Robertson* was highly material because it revealed the informant's motivation to lie or exaggerate to protect himself. Here, however, the police expressly informed the magistrate of the pending charges against No. 2.

Second, even if the omitted information were material and were included in the affidavit, it was more than offset by the independent corroboration of criminal activity. Thus, the magistrate still had sufficient information to find that probable cause existed.[15]

The trial court did not err in denying the motion to suppress.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED APRIL 30, 2001 

*Lee Sexton*, for appellant.

*R. Joseph Martin III, District Attorney, J. Barclay Black, Assistant District Attorney*, for appellee.

---

[14] Id. at 69-70.
[15] *Brown v. State*, 244 Ga. App. 440, 441-442 (1) (535 SE2d 785) (2000).
[1] OCGA § 40-6-391 (a) (1).
[2] OCGA § 40-6-181 (b) (5).