A93A0196. WILSON v. THE STATE.
(433 SE2d 703)

SMITH, Judge.

Alfred Lee Wilson was convicted of possession of cocaine with intent to distribute, and he appeals from the denial of his motion for new trial. His sole enumeration of error is the failure of the trial court to grant his pre-trial motion, renewed at the close of the State's case, to compel the State to reveal the identity of a "witness-informant" based on *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957). See generally *Thornton v. State*, 238 Ga. 160 (231 SE2d 729) (1977).

In August 1989, the Georgia Bureau of Investigation (GBI) began

conducting undercover drug operations in and around Rome, Georgia. A confidential informant introduced GBI agents to suspected drug dealers. The agents would attempt to make drug purchases from persons implicated by the informant. If agents succeeded in purchasing controlled substances from a particular suspect, arrest was postponed in order to avoid compromising the success of continuing operations in the area.

On August 17, 1989, the informant and Agents Scott Whitley, Cathy Sapp (nee Christensen), and Cheryl Bowers travelled to a certain residence in Rome to purchase drugs. Agent Whitley testified that the informant exited the vehicle, approached the suspect's residence at 617 Calhoun Avenue, and arranged a transaction. Agent Whitley ascertained the street address on the day of arrest by its relation to the "Country Cupboard" store across the street.

Sapp, unlike Whitley, did not recall anyone leaving the vehicle before the suspect approached it, but did recall that he approached "from his residence." Ms. Sapp never testified, expressly or impliedly, that the residence from which appellant approached was in fact 617 Calhoun Avenue, as did Whitley. Agent Bowers, unavailable when appellant was tried, did not testify. Agent Whitley ultimately purchased cocaine from a person identified by the informant as Alfred Turner, a/k/a "Big Al."

The following April, the GBI concluded its operations and set out to arrest those from whom they had purchased drugs during the past several months. Agent Whitley, along with Sergeant Stanley Sutton of the Floyd County Police Department, attempted to locate the person known as Al Turner. They first tried the home believed by Whitley to be "Big Al's" residence, but to no avail. Sergeant Sutton then realized that Agent Whitley's description of "Al Turner" matched the description of appellant, Alfred Lee Wilson. Sergeant Sutton also knew that appellant lived at 617 Calhoun Avenue, that he worked at the local Salvation Army store, and that he was known as "Big Al."

Sergeant Sutton took Agent Whitley to Wilson's place of employment, and Agent Whitley identified Wilson as the person who sold him drugs on August 17. Agent Sapp, also present during the August transaction, likewise identified him while he was being booked at the Floyd County Jail. Both Whitley and former agent Sapp positively identified appellant at trial.

Wilson's defense at trial was that a man named "Al Turner," and not Wilson, sold the cocaine on the occasion in question, exactly as the unnamed informant told police at the time. During cross-examination of former Agent Sapp, she was shown a mug shot of a man later identified as "Al Turner," who, like Wilson, could be described as a large black male of approximately Wilson's age, living in the general vicinity of Calhoun Avenue at the time of the August transaction.

Ms. Sapp's first words upon seeing the photograph on the witness stand were, "I don't know who this is." She commented on the poor quality of the photograph and stated that the person in the photograph "could be anyone." Ms. Sapp ultimately conceded, however, that the mug shot of Turner might or might not be of Wilson. Appellant testified on his own behalf and also offered alibi witnesses in furtherance of his mistaken identity defense. Finally, we note that almost eight months passed between crime and arrest, and over two-and-one-half years between arrest and trial.

The question raised is whether the trial judge erred as a matter of law in refusing to compel the state to reveal the identity of its informant. *Roviaro v. United States*, supra, provides that, pursuant to a proper "Brady" motion, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61. *Hunt v. State*, 204 Ga. App. 799 (420 SE2d 656) (1992).

This case does not fit neatly among others dealing with the question of whether a defendant's right to a fundamentally fair trial demands revealing a police informant's identity irrespective of the State's privilege to the contrary. But see *Sowers v. State*, 194 Ga. App. 205 (390 SE2d 110) (1990) (case remanded for post-trial proceedings where informant identified appellant as Traci Pless, rather than Traci Sowers, since the informant was the only person in a position to "amplify or contradict" testimony of the defendant and the officer, and since no in camera hearing with informant was held prior to trial). Al Wilson does not merely speculate on what the confidential informant *might* say if produced. Instead, he relies on what the informant *has already said* — specifically, that the perpetrator's name was "Al Turner." It is uncontroverted that only the informant knew the perpetrator beforehand. Under such circumstances, if the informant had taken the stand and reaffirmed his prior extrajudicial statement regarding the identity of the perpetrator, that testimony might well have served to establish a reasonable doubt in the minds of the jurors as to Wilson's guilt. In the interest of fundamental fairness to the appellant under the facts presented, it must be assumed, without the benefit of an in camera interview of the informant, that his testimony at trial would have been credible, consistent with his prior extrajudicial statements, and therefore both material and exculpatory in nature. See *Bannister v. State*, 202 Ga. App. 762, 764 (1) (415 SE2d 912) (1992).

We hold that where, as here, the accused makes a credible initial showing that the informant may not have been merely mistaken as to the name of the person selling drugs to undercover police officers on the occasion in question, the police privilege against revealing the

name of its informant must yield to a defendant's fundamental right to a fair trial. A possible exception is where the State responds to the defendant's assertion by showing beyond all doubt that the informant must have been mistaken in his or her original identification.

In this case, we find the State failed to establish at trial that the name actually communicated to police by the confidential informer of an *actual person residing in the vicinity*, could not have been the name of the person who committed the crime. Circumstances described by one agent tending strongly to implicate Wilson, as opposed to Al Turner, were not echoed by a second agent also present during the transaction. Moreover, the State presented evidence that the Al Turner implicated by appellant began serving a five-year prison sentence for aggravated assault just 70 days prior to the transaction underlying this case. This circumstance, however, does not necessarily show beyond doubt that the man known as Al Turner could not have made the sale on the evening in question. The record clearly shows that Mr. Turner has also been charged with simple assault and making terroristic threats during parole of that sentence. The exact date on which Mr. Turner was paroled has not been made part of the record, and, unfortunately, we cannot simply assume that Turner actually served even as much as 70 days of that sentence.

We therefore find that the trial court erred in failing to conduct an in camera hearing to determine whether the informer's testimony would aid, rather than negate, Wilson's defense. The case is remanded for post-trial hearing as outlined in *Moore v. State*, 187 Ga. App. 387 (370 SE2d 511) (1988), to determine whether a new trial is required.

*Case remanded with direction. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 13, 1993.

*Hine, Carroll & Niedrach, Paul T. Carroll III*, for appellant.
*Stephen F. Lanier, District Attorney, Tambra P. Colston, Assistant District Attorney*, for appellee.