A94A0953. LANGFORD v. THE STATE.
(444 SE2d 153)

BLACKBURN, Judge.

James Richard Langford was convicted by a jury of theft by re-

ceiving stolen property, possession of motor vehicles with altered identification numbers, and owning and operating a chop shop. On appeal, Langford enumerates as error the trial court's denial of his motion to suppress the evidence and its denial of his motion for mistrial based on the State's improper attempt to impeach his character.

1. Langford contends that his conviction should be reversed because the search of his property was based on a warrant which was not supported by probable cause. Langford argues that the affidavit, upon which the search warrant was based, failed to set forth the reliability of the confidential informant or the reliability of the information contained therein.

The affidavit, prepared by an investigator with the Jackson County Sheriff's Department, contained the following information relevant to our inquiry: "Within the past 48 hours a law enforcement officer received information from a confidential informant that Mr. Ricky Langford has been dealing in stolen vehicles and or stolen vehicle parts. The confidential informant has personal knowledge that the said vehicles are stolen and are on the property. It wishes to remain anonymous for fear of its personal safety. My investigation found the shop to be where it said it would be. I drove to the property and spoke to Mr. Ricky Langford and asked for permission to search his property and to check the VIN's of the vehicles present. Mr. Langford gave permission to myself and Inv. Venable and led us up the driveway to the mobile home and shop. He then showed us around, and when we started to check two vehicles that the confidential informant had described, he told us that we would have to stop our search and leave the property and obtain a search warrant and he would contact his lawyer. We left and Mr. Langford left the property immediately." It is undisputed that the magistrate did not receive any additional evidence prior to issuing the search warrant.

"Under the standard set forth by the United States Supreme Court in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), probable cause may be predicated on an informant's tip only if, under the 'totality of the circumstances,' including the 'veracity' and 'basis of knowledge' of the informant, there is a 'fair probability' that contraband or evidence of a crime will be found in a particular place. While establishment of the informant's veracity and basis of knowledge is no longer an absolute requirement since *Gates*, veracity and basis of knowledge are still major considerations in the probable cause analysis, and this court continues to hold that an affidavit submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the information and the informant." (Citations and punctuation omitted.) *State v. Bryant*, 210 Ga. App. 319, 320 (436 SE2d 57) (1993).

In the case sub judice, the magistrate was not provided with any information regarding the informant's veracity or basis of knowledge; in fact, affiant testified at the motion to suppress hearing that he had no knowledge of the informant. As the magistrate was provided with no information from which he could independently determine the reliability of the informant or the basis of the informant's knowledge, the information contained in the affidavit was nothing more than rumor. See id.

"Of course, even if an officer cannot provide information regarding the veracity of an informant or the basis of his knowledge, a tip may be proved reliable enough to provide probable cause if portions of the tip are sufficiently corroborated. See *Gates*, supra. In order for the corroboration to be meaningful enough to show reliability, however, the information corroborated must include a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted. In short, the information corroborated will generally need to be a prediction of future behavior, as in *Gates*, or something similar — that is, inside information not available to the general public." (Citations and punctuation omitted.) *Bryant*, supra at 321.

In the present case, the investigator corroborated where the suspect lived, where the shop was located, and confirmed the existence of two vehicles on the premises. This information would be available to the general public, in that Langford operated a junk yard in which any customer would be able to describe certain vehicles on the property. Furthermore, Langford's withdrawal of his consent to search, while suspicious, could also be explained by any number of innocuous reasons. Therefore, we find that the trial court erred in denying Langford's motion to suppress the evidence.

2. Our holding in Division 1 renders consideration of the remaining issue moot.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 13, 1994.

*Whitmer & Law, James H. Whitmer*, for appellant.

*Timothy G. Madison, District Attorney, Jeffrey G. Morrow, Assistant District Attorney*, for appellee.