## A99A1974. DOLLAR v. THE STATE.
### (529 SE2d 665)

PHIPPS, Judge.

Harry Dollar appeals his convictions of felony possession of marijuana and trafficking in cocaine. First, he asserts that the trial court erred when it denied his motion to suppress. He claims that there was no probable cause for the warrant which authorized the search of his home. Second, he asserts that the trial court erred when it denied his motion for directed verdict of acquittal on the felony possession of marijuana charge. Because we find that there was probable cause for the search warrant and that there was sufficient evidence to deny the motion for directed verdict, we affirm.

About September 1997, Lieutenant Tony Brown of the Coweta County Sheriff's Department "received complaints from several citizens . . ." regarding suspected drug traffic at Dollar's home at 23 Highland Park Drive, Newnan. About October 3, a confidential informant purchased drugs from Dollar at that address. Five to ten days later, Brown sent the informant back to purchase more drugs. But the informant was unable to make a purchase, because Dollar said he was almost out of drugs and did not expect to receive more for a while.

On October 27, Brown received a call from Detective Engen of the LaPalma, California Police Department. Engen informed Brown that the LaPalma police had intercepted a Federal Express package containing ten to twelve pounds of marijuana that was intended to be shipped to 23 Highland Park Drive, Newnan, Georgia. Engen explained that the package was originally addressed to J. Ragland at 23 Highland Drive in Newnan but the package had been returned to Federal Express in California. A man identifying himself as Watson or Washington had called Federal Express in California with the routing number for the package and stated that the correct address for delivery was 23 Highland Park Drive and not 23 Highland Drive. A Federal Express employee became suspicious of the package, opened it, and saw the marijuana, and then Federal Express contacted the LaPalma police.

Engen shipped the package to Brown, and Brown procured a search warrant for 23 Highland Park Drive from a Coweta County magistrate. Brown and several other officers then performed a controlled delivery. One officer, disguised as a Federal Express employee, delivered the package to the door, while Brown and others waited nearby. Dollar came to the door, accepted the package, and, without prompting, signed for it in the name of J. Ragland, the false name to which it was addressed.

Immediately afterward, the search warrant was executed and Dollar was placed under arrest. Dollar had seven bags of cocaine in

his left front pocket. Fifty-two bags of cocaine and a bag of marijuana were found on a bedroom dresser, four large bags of cocaine were found under a bed, and one bag of marijuana was found in the living room. After he was read his rights, when the police suggested that his girlfriend or wife might also be involved, Dollar stated that all of the drugs were his.

1. The search warrant was issued based on the following recital of probable cause in Brown's affidavit:

> Within the past month affiant has received information from a reliable source that marijuana is being kept and sold from the residence at 23 Highland Park Dr. Within the past month affiant has made a purchase of marijuana from this residence using a reliable informant. Within the past 2 days affiant received a call from Inv. J. Ames Engen in LaPalma[,] California. Engen stated that his department had intercepted a package that was being sent [F]ed-[E]x to the residence at 23 Highland Park Dr. The box contains 12 pounds of marijuana. Engen has since mailed the package to affiant and affiant is now in possession of this package. Affiant on this date plans to make a delivery of the package to this residence and arrest the recipient of the package. Due to previous information from a reliable source who has been known to affiant for over a year and has proven reliable on many occasions and the large amount of marijuana in the package affiant has probable cause to belief [sic] that marijuana is being sold from this house and now request [sic] a search warrant from any marijuana and currency from the sell [sic] of marijuana.

Dollar challenges the validity of the search warrant on two grounds. First, he asserts that Brown did not present the magistrate with any facts from which the magistrate could independently assess the reliability of the informant and the information he supplied. Second, Dollar asserts Brown misrepresented the evidence supporting probable cause by withholding information that exculpated Dollar.

(a) There is no absolute requirement that a search warrant affiant state circumstances which demonstrate the reliability of the informant and his information.[1] Those factors are highly relevant considerations, but the applicable test is based on the totality of the circumstances

"whether, given all the circumstances set forth in the affida-

---

[1] *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983).

vit before [the magistrate], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."[2]

Also, a showing that an informant and his information are reliable is not limited to proof of the informant's veracity and the basis of his knowledge.[3] Reliability may be shown by corroboration of the informant's tip.[4]

Although Brown's affidavit did not state facts relevant to the informant's veracity and the basis of his knowledge, under the totality of the circumstances the affidavit provided an ample basis for a finding of probable cause. The informant's communication that drugs were being kept and sold at 23 Highland Park Drive was corroborated when the informant purchased marijuana there and gave it to Brown, when Dollar told the informant that he expected to receive more drugs in the future, and, subsequently, when a package shipped through Federal Express and intended for delivery to that address was intercepted and found to contain a large quantity of marijuana.

(b) Dollar asserts that Brown failed to disclose the following exculpatory information: (1) the Federal Express package was addressed to J. Ragland and not to Harry Dollar; (2) the address written on the package was 23 Highland Drive, which is another street in Newnan; (3) the information that the package should have been sent to 23 Highland Park Drive was received from an anonymous source and reached Brown through hearsay channels; and (4) an incident summary and a handwritten note prepared by Detective Engen indicated that the intended address for the package was 23 Highland Place.

Where the defendant has shown that information material to the determination of probable cause was omitted for the purpose of misleading the magistrate, the reviewing court should delete any false statements and include omitted truthful material in determining whether to invalidate the warrant.[5] The warrant should be invalidated if probable cause would no longer exist after the inclusions and deletions.[6]

Nothing Dollar asserts shows that material information was purposefully withheld from the magistrate. First, no one would

[2] (Citation omitted.) *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984) .
[3] See *Stewart v. State*, 217 Ga. App. 45, 47 (456 SE2d 693) (1995).
[4] Id.
[5] *Bickley v. State*, 227 Ga. App. 413, 414 (1) (a) (489 SE2d 167) (1997).
[6] *Redding v. State*, 192 Ga. App. 87, 88 (383 SE2d 640) (1989).

expect a package of illegal drugs to be sent with the recipient's correct name on the package. Second, the 23 Highland Drive address apparently was not the correct address for the recipient, because the package had been returned to Federal Express. The names Highland Park Drive and Highland Drive are so similar that the two addresses could be confused easily. Third, the address provided by the anonymous caller was reliable. The caller gave the correct shipping number for the package, and his information that the package had an incorrect address was corroborated by the return of the package to Federal Express. Finally, the record does not show that at the time Brown went before the magistrate he was aware of any discrepancy between the address Engen gave him and the address Engen recorded on his note and typed on his incident summary. The suppression hearing record shows that when Brown went before the magistrate, he had spoken to Engen by telephone and had received a narrative report from him by fax. In both instances, the correct address was communicated to be 23 Highland Park Drive. The record of the suppression hearing does not show when Brown received copies of Engen's handwritten note and incident summary. We find probable cause existed for the search warrant despite the issues raised by Dollar.

2. Dollar asserts that his motion for directed verdict on the felony marijuana possession charge was incorrectly denied because the State's evidence failed to prove that he was aware of the contents of the Federal Express package when he accepted it. Viewing the evidence in the light most favorable to the verdict, we find that there was sufficient evidence for a rational trier of fact to conclude that Dollar knew the contents of the package and was guilty beyond a reasonable doubt of felony possession of marijuana.[7]

The evidence at trial showed that Dollar was active in drug trafficking. When the search warrant was executed, the officers found inside Dollar's home a large quantity of cocaine, an unspecified amount of marijuana, a scale commonly used for measuring drugs, small plastic bags commonly used for packaging drugs, and a scanner capable of picking up police radio communications. Dollar signed for the Federal Express package in the false name to which it was addressed, J. Ragland, without being prompted to do so. And finally, Dollar's statement at the scene that all of the drugs were his did not exclude the marijuana in the Federal Express package.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

---

[7] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

DECIDED FEBRUARY 15, 2000 —
RECONSIDERATION DENIED FEBRUARY 28, 2000 — 

*Timothy T. Herring*, for appellant.
*Peter J. Skandalakis, District Attorney, Brett E. Pinion, Assistant District Attorney*, for appellee.