## A03A1618. EVANS v. THE STATE.

(588 SE2d 764)

ANDREWS, Presiding Judge.

On June 20, 2001, DeKalb County police officers executed a search warrant on Dean Evans's residence and found 28 grams of cocaine and 4,582 grams of marijuana. After a bench trial based upon the evidence adduced at an earlier hearing on motion to suppress, Evans was convicted of two counts of violating the Georgia Controlled Substances Act. On appeal, Evans claims the trial court erred by failing to grant his motion to suppress. We disagree and affirm because the affidavit submitted in support of the search warrant showed a fair probability that contraband would be found at Evans's residence.

1. Evans contends that the search warrant was defective because the affidavit described a different location than was actually searched. If a premises sought to be searched is identified by street and number, then that description will not authorize a search of a premises of another street or number. See *Bell v. State*, 124 Ga. App. 139, 140 (182 SE2d 901) (1971) (physical precedent only). Evans claims that his correct address was 305 Walden Walk Drive, Quail Ridge Apartments, Stone Mountain, Georgia, but that the street address shown on the affidavit was 1247 Adcox Road, Apartment 305. Evidence presented at the motion to suppress showed that Walden Walk Drive was not found in the DeKalb County records but was a private roadway within the Quail Ridge Apartments; that 1247 Adcox Road is the street address for the Quail Ridge Apartments; and that there is only one Apartment 305 in the Quail Ridge Apartments. The address was sufficient because there was no probability that the warrant identified any other apartment in the complex. See *McNeal v. State*, 133 Ga. App. 225, 228 (1) (211 SE2d 173) (1974).

2. Evans claims the affidavit submitted in support of the search warrant failed to show probable cause for a search of his residence.

> In determining whether an affidavit provided sufficient probable cause, the issuing magistrate or judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

(Punctuation and footnote omitted.) *Shivers v. State*, 258 Ga. App.

253, 254 (573 SE2d 494) (2002). "[W]e must review giving great deference to the magistrate's determination of probable cause, keeping in mind that affidavits are normally drafted by non-lawyers in the midst and haste of a criminal investigation." (Citation and punctuation omitted.) *Curry v. State*, 255 Ga. 215, 217 (1) (336 SE2d 762) (1985).

The affidavit at issue, in pertinent part, stated:

> The Affiant, Detective M. B. Pinson #1727, has been employed with [the] DeKalb County Police Department for six years and five months, and is currently a detective with the Narcotics Unit.
>
> On June [20], 2001,[1] Detective Pinson and Hines met with DEA Task Force agent R. A. Wallace in reference to illegal drug activity being conducted at apartment 305 [of the Quail Ridge Apartments]. Agent Wallace said he and other agents were conducting surveillance on apartment 305 since this morning. Agent Wallace said while they were conducting surveillance they observed a gray four door Mazda Protégé come to the apartment and leave within twenty minutes. Prior to the vehicle leaving the complex Agent [Wallace] had DeKalb Strike Force Officers assist in stopping the vehicle to check identification on the driver. Prior to stopping the vehicle the officer observed a broken taillight on the vehicle. The Strike Force Officers had the driver to [sic] step outside the vehicle. The officers checked the driver's driver['s] license when the license came back on GCIC as being surrendered. While the officers were conducting their interview one officer had his K9 dog walk around the vehicle. The K9 dog alerted on suspected drugs in or around the vehicle. The K9 was placed inside the vehicle and found suspected marijuana under the driver['s] seat of the vehicle. While the subject was further being interviewed he said he had purchased the marijuana from apartment 305 (Quail Ridge Apartments).

The hearing on motion to suppress showed that the events described in the affidavit, the affidavit's submission to the magistrate, and the execution of the search warrant all occurred on June 20, 2001.

---

[1] This date was originally written as June 26, 2001, but the date was manually corrected by the magistrate to June 20, 2001, according to Pinson's testimony at the hearing on motion to suppress.

(a) Evans contends the trial court erred in failing to invalidate the search warrant because the affidavit upon which the search warrant was based contained misrepresentations by the affiant, Pinson, as to statements made by Steve Jackson, the driver of the Mazda in which police found marijuana. More specifically, Evans complains that the affidavit contained this misstatement of fact: "While the subject was further being interviewed he said he had purchased the marijuana from apartment 305 (Quail Ridge Apartments)." Pinson admitted in the hearing on motion to suppress that Jackson did not know the number of the apartment where he purchased the marijuana, but only told Pinson that he went to the Quail Ridge Apartments to meet his friend Deon to purchase a pound of "weed."

Under *Franks v. Delaware*, 438 U. S. 154 (98 SC 2674, 57 LE2d 667) (1978), if a defendant can show by a preponderance of the evidence that a false statement was made knowingly and intentionally, or with reckless disregard for the truth, by an affiant in the warrant affidavit, then the affidavit's false material must be set to one side, and if the affidavit's remaining content is insufficient to establish probable cause, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." Id. at 156. See *Redding v. State*, 192 Ga. App. 87 (383 SE2d 640) (1989) (adopting *Franks* and requiring that false statements be excluded and truthful material be included in reexamining affidavit). We conclude that Pinson's affidavit was knowingly or recklessly false to the extent that Pinson averred that Jackson told him that Jackson purchased the marijuana at Apartment 305. However, the apartment number was independently established by the DEA agents who were watching Apartment 305 and saw Jackson go to and from the apartment, and so the information provided by the affidavit is not materially different if Jackson's statement as to the apartment number is excised from the remainder.

(b) Evans further contends that the affidavit is not sufficient to establish probable cause because the only link between his residence and illegal drugs was through hearsay statements made by Jackson. Evans argues that because Jackson cannot be shown to be trustworthy that the magistrate was not justified in relying on his hearsay statement. Where the State seeks to show probable cause through information gained from an unidentified informant, the informant's veracity and basis of knowledge are major considerations in the probable cause analysis. *Lyons v. State*, 258 Ga. App. 9, 11 (572 SE2d 632) (2002). An informant's information shows nothing more than rumor if the affidavit does not contain sufficient facts for the magistrate to independently determine the reliability of the informant or the basis of the informant's knowledge. See *Langford v. State*, 213 Ga. App.

232, 234 (444 SE2d 153) (1994); *State v. Brown*, 186 Ga. App. 155, 158 (366 SE2d 816) (1988) (physical precedent only). However, "[t]here is no absolute requirement that a search warrant affiant state circumstances which demonstrate the reliability of the informant and his information. Those factors are highly relevant considerations, but the applicable test is based on the totality of the circumstances." (Footnote omitted.) *Dollar v. State*, 242 Ga. App. 511, 512 (1) (a) (529 SE2d 665) (2000).

In the case at bar, the affidavit does not show that Jackson is inherently credible or reliable. Compare *Whitten v. State*, 174 Ga. App. 867, 868 (331 SE2d 912) (1985) (concerned citizen informer has preferred status as to credibility). However, a statement by an unidentified informant may be considered trustworthy if it is independently corroborated. "Our decisions applying the totality of circumstances analysis have consistently recognized the value of corroboration of details of an informant's tip by independent police work." (Citation and punctuation omitted.) *Wood v. State*, 214 Ga. App. 848, 849 (449 SE2d 308) (1994). We have also said that "[f]or the corroboration to be meaningful, the information must include a range of details relating to future actions of third parties not easily predicted or similar information not available to the general public." (Footnotes omitted.) *Shivers*, supra, 258 Ga. App. at 255. See also *Langford*, supra, 213 Ga. App. at 234 (1).

Evans emphasizes that the affidavit shows no corroboration of Jackson's statement by the future actions of third parties or "inside information" not knowable by the general public. But what constitutes sufficient corroboration should be made in the context of the magistrate's duty to make a common sense decision in light of the totality of circumstances. See generally *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). Although Jackson is not identified by name in the affidavit, he does not fit the model of the anonymous or confidential informant whose motives in coming forward are unknown, or whose basis of knowledge is not shown, or whose story may be stale — common sense requires that information from such informants be strongly corroborated to be considered reliable. See *Langford*, supra, 213 Ga. App. 232 (affiant had no knowledge of the informant); *Lyons*, supra, 258 Ga. App. 9 (unvarnished statement that informant saw contraband in someone's house not probable cause to search the house); *Shivers*, supra, 258 Ga. App. 253 (nothing to show consumable drug marijuana would be found at suspect's residence two days after odor of the contraband was detected on his person).

Jackson's information was, in contrast, received under circumstances showing some indicia of reliability. He made an inculpatory statement to police during a post-arrest interview, giving the magis-

trate a context for why Jackson made the statement. If Jackson had been identified by name in the affidavit, his statement against interest would have been sufficient to show the reliability of the statement, but "the 'statement against interest' rule does not give credence to statements made by *unnamed* informants." *Bragg v. State*, 249 Ga. App. 430, 431-432 (2) (548 SE2d 121) (2001). Nevertheless, an in-custody statement against interest is more likely to be reliable than the statement of an anonymous tipster whose motivations are not shown by the affidavit. See *Thomas v. State*, 173 Ga. App. 481, 483 (1) (326 SE2d 840) (1985) (unnamed informant's credibility enhanced by providing information subjecting informant to possibility of criminal prosecution). In addition, the basis for Jackson's information is readily apparent — he knew drugs were recently in the apartment because he had just been there to buy them. Jackson's information was also timely, and police were faced with either promptly asking for a warrant or possibly forgoing the request altogether because the information would become stale. Given the circumstances under which police received the information from Jackson, we conclude that Jackson's statement is sufficiently corroborated by the surveillance by DEA agents establishing that he came directly from the Quail Ridge Apartments before being stopped by police. This independently verifies that Jackson was at the Quail Ridge Apartments and shows that he was being truthful in at least a portion of his statement.

Considering the totality of the facts presented, including Jackson's statement that he purchased marijuana at the Quail Ridge Apartments, the timely connection between the purported drug purchase and the application for the warrant, the presence of drugs in Jackson's car, and the independent observation of Jackson entering and leaving Apartment 305, the magistrate had a substantial basis for concluding that there was a fair probability that contraband would be found at Apartment 305. Accordingly, the trial court did not err in denying Evans's motion to suppress.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED SEPTEMBER 22, 2003 —
RECONSIDERATION DENIED OCTOBER 8, 2003 — 

*Dwight L. Thomas*, for appellant.
*J. Tom Morgan*, District Attorney, *Robert M. Coker*, Assistant District Attorney, for appellee.