A04A0062. BROWNER v. THE STATE.
(595 SE2d 610)

ANDREWS, Presiding Judge.

A Barrow County jury found Donnovan Leshun Browner guilty of trafficking in cocaine and violation of the Georgia Firearms and Weapons Act. The jury also found Browner guilty of possession of cocaine and possession of cocaine with intent to distribute, and these counts were merged into the trafficking count for purposes of sentencing. On appeal, Browner claims the trial court erred by (1) denying his motion to suppress, (2) denying his motion to reveal the identity of a confidential informant, (3) refusing to grant his motion for continuance, (4) allowing testimony with regard to a document not in evidence, and (5) giving an erroneous jury instruction. For the reasons set forth below, we disagree and affirm.

The evidence shows that law enforcement officers executed a search warrant at 133 Duke Street in Winder. In a bedroom inside

the house the officers found a checkbook with Browner's name, photographs of Browner, a rifle which had the barrel and the stock sawed off, and a set of GM keys that opened the Cadillac parked outside the house. In another bedroom, officers found an identification card of Browner's brother Rico Browner and letters addressed to Rico Browner. In the kitchen, officers found boxes of latex gloves, sandwich bags with white residue in them, and "corner" baggies, which, according to a testifying officer, was a modified sandwich bag usually used to package illegal substances.

Outside the house, officers "jimmied" open the locked doors of the Cadillac. In the rear passenger compartment of the vehicle, officers recovered a bag containing a net weight of 44 grams of cocaine and a large number of small baggies. Also in the car were an identification card and a credit card bearing Browner's name. An officer testified that he had previously seen Browner driving the Cadillac. Further evidence showed that Browner owned the Cadillac.

1. Browner claims the affidavit in support of the search warrant for 133 Duke Street was legally insufficient to justify the issuance of a search warrant because the reliability of the confidential informant was not sufficiently corroborated and because the issuing magistrate was not informed of all the facts and circumstances necessary for him to determine the reliability of the informant. We disagree.

In determining probable cause for the issuance of a search warrant, the issuing magistrate

> must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

(Punctuation and footnote omitted.) *Shivers v. State*, 258 Ga. App. 253, 254 (573 SE2d 494) (2002). In our review, we give great deference to the magistrate's determination of probable cause. *Evans v. State*, 263 Ga. App. 572 (2) (588 SE2d 764) (2003).

According to the affidavit supporting the issuance of the search warrant, Corporal Walker of the Barrow County Sheriff's Office met with a confidential informant who advised Walker that he could purchase cocaine at 133 Duke Street in Winder, and that Browner resided at that address. Walker met with the informant, searched him to ensure that he had no money or illegal drugs on his person, and then gave the informant some money. Walker observed the infor-

mant enter the residence at 133 Duke Street and then leave approximately five minutes later. Walker followed the informant to a prearranged meeting location where the informant gave Walker a substance which a field test indicated to be crack cocaine.

The general rule is that where a confidential informant is not shown to be inherently credible, a statement made by the confidential informant may be shown to be trustworthy if it is independently corroborated. *Evans v. State*, 263 Ga. App. at 575 (2) (b). Browner argues that the state did not show sufficient independent corroboration of the confidential informant to establish probable cause, noting that there was no videotape of the transaction and the money was not marked. However, probable cause that illegal drugs were present in the residence was established by the personal observations of the affiant officer. The officer ensured that the informant had no illegal drugs when he entered the residence and confirmed that the informant possessed crack cocaine when he came out, and this was sufficient to support the issuance of the search warrant. "[E]ven if the informant had no known credibility, the controlled buy conducted under the observation of the officer, alone, would have been sufficient to establish probable cause." *Turner v. State*, 247 Ga. App. 775, 779 (4) (544 SE2d 765) (2001). Browner notes that the affidavit failed to disclose that the confidential informant obtained the cocaine from Browner, or any person at all, but we conclude that the information given was sufficient to show a fair probability that contraband or evidence of a crime would be found at 133 Duke Street. See *Brown v. State*, 244 Ga. App. 440 (535 SE2d 785) (2000) (applying "common-sense" approach to search warrants).

Browner also contends that the magistrate was not sufficiently informed of all known facts and circumstances in order to independently determine the reliability of the information. In particular, Browner shows that the state did not inform the magistrate that no sale, as such, ever occurred; that people lived in the residence in addition to Browner; and that the informant was acting to receive a favor from police. In the case of false information included in the affidavit supporting a search warrant, or where material information is omitted, the rule is that "the false statements be deleted, the omitted truthful material be included, and the affidavit be reexamined to determine whether probable cause exists to issue a warrant." *Redding v. State*, 192 Ga. App. 87, 88 (383 SE2d 640) (1989).

Setting aside the question of whether the alleged omitted information requires the affidavit to be reexamined, we conclude that if the affidavit were examined with the alleged omitted information included that there would be no change in the determination of probable cause. The presence of people living at 133 Duke Street other than Browner would have no logical impact on the question of

whether illegal drugs would be present at that address. The evidence that the informant was acting to receive a favor is nonspecific, and Browner can only show that the informant was trying to get "consideration" from police for a relative. While this information might affect the informant's reliability, see, e.g., *Elom v. State*, 248 Ga. App. 273, 275 (1) (546 SE2d 50) (2001) (affidavit's failure to mention that informant was paid, along with other omissions, undermined assertion in affidavit that informant was reliable), we conclude that it does not change the observations of the law enforcement officer which underlie the basis for probable cause.

Although the affidavit indicates that the informant relinquished the cocaine purchased at the residence, it fails to mention that the informant returned all of the money to Walker along with the cocaine obtained at 133 Duke Street. At the motion to suppress hearing, however, Walker testified that the cocaine was "fronted" to the confidential informant and that this information was orally communicated by him to the magistrate. "It is well established that the trial court may consider oral testimony presented to a magistrate in support of the issuance of a warrant." (Citation omitted.) *Pettus v. State*, 237 Ga. App. 143, 144 (2) (514 SE2d 901) (1999). For the foregoing reasons, the magistrate's finding of probable cause is not affected by the information omitted from the affidavit, and the trial court did not err in denying Browner's motion to suppress.

2. Browner contends the trial court erred in denying his motion to reveal the name of the confidential informant and in failing to conduct an in camera hearing to confirm the informant "did what the officers indicated he did." We disagree.

The state is privileged to keep the identity of an informant confidential; subject, however, to "where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." (Punctuation omitted.) *Moore v. State*, 187 Ga. App. 387, 389 (2) (370 SE2d 511) (1988), quoting *Roviaro v. United States*, 353 U. S. 53, 60-61 (77 SC 623, 1 LE2d 639) (1957). This determination is made through a balancing test:

> In determining if the confidential informant's identity should be revealed by the State, the trial court must conduct a two-step hearing. Initially, the trial court should hear evidence to determine: (a) that the confidential informant is an alleged informer-witness or informer-participant whose testimony appears to be material to the defense on the issue of guilt or punishment; (b) that the testimony for the prosecution and the defense is or will be in conflict; and (c) that the confidential informant was the only available witness who

could amplify or contradict the testimony of these witnesses. The movant must establish the relevance, materiality, and necessity of the identity of the informant as a predicate for disclosure. Once this threshold has been met, the trial court must conduct an in camera hearing of the CI's testimony under the mandates set forth in *Thornton* [*v. State*, 238 Ga. 160 (231 SE2d 729) (1977)], and *Moore*, supra.

(Citation, punctuation and footnotes omitted.) *Harvey v. State*, 232 Ga. App. 21, 23 (500 SE2d 916) (1998). If the trial court determines that the informant is a tipster who neither participated in nor witnessed the offense, no further inquiry is necessary and the informant's confidentiality should remain privileged. *Moore v. State*, 187 Ga. App. at 389-390 (2).

After a motion hearing, the trial court found that

[a]s far as revealing the identity of the confidential informant, the confidential informant was involved in a buy that was the probable cause for the search warrant. The confidential informant was not involved in a buy or transfer of the drugs that are the subject of this prosecution. Therefore, the Court will not reveal the identity of the confidential informant.

We agree with this reasoning. What the confidential informant could reveal about how he obtained the cocaine at the residence does not show the confidential informant is a witness with regard to the drugs found in the car.

Browner's reliance on *Wilson v. State*, 209 Ga. App. 436 (433 SE2d 703) (1993), is misplaced. In *Wilson* the confidential informant arranged a drug buy which was accomplished by an undercover police officer. The informant identified the seller as "Al Turner," a person who lived in the neighborhood, but police later arrested Wilson, who lived at the residence where the buy occurred and was known as "Big Al." The identity of the actual seller was an issue at trial and we found that the trial court erred by failing to hold an in camera hearing to determine if the informant's testimony would help Wilson's defense. Id. at 439. In this case, there was no reason for the trial court to hold an in camera hearing because Browner, as movant, never satisfied the threshold requirement of showing that the identity of the informant was material, relevant, and necessary to his defense.

3. Browner claims the trial court erred in refusing to grant his motion for continuance because the state failed to comply with its

discovery obligations. We conclude that the trial court acted with allowable discretion in refusing the motion.

On August 22, 2001, Browner elected to have the reciprocal discovery provisions, OCGA §§ 17-16-1 through 17-16-10, apply to the case. On January 3, 2003, before the January 8, 2003 trial date, the state notified defense counsel that it had added Allen Brown from the Winder water department to its witness list. Also on January 3, 2003, the state sent defense counsel copies of property sheets listing items that the state had seized during the execution of the search warrant. On January 7, 2003, the state sent defense counsel copies of the bill of sale and registration for the Cadillac, and Browner's driver's license, and notified defense counsel that it was adding James McElhannon, the owner of Mac's Motors in Winder, to its witness list. At the beginning of the trial, defense counsel moved for a continuance to investigate the newly identified witnesses and documents or, in the alternative, to exclude the documents and witnesses from evidence. The trial court denied defense counsel's motion, with the provision that defense counsel would be given 15 minutes to talk with Brown before his testimony and could talk to McElhannon before he was called to testify the next day.

Pursuant to OCGA § 17-16-4 (a) (3), the prosecuting attorney is required no later than ten days before trial to make available to the defense for inspection and copying any documents in prosecution or state control which are intended for use as evidence in the case-in-chief or as rebuttal evidence. In applicable part, OCGA § 17-16-6 provides:

> If at any time during the course of the proceedings it is brought to the attention of the court that the state has failed to comply with the requirements of this article, the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.

As to the witnesses and the documentary evidence related to the Cadillac and as to witness Brown, the state showed this to be newly discovered information which was relayed to Browner as soon as practicable. See, e.g., *Broomall v. State*, 260 Ga. 220, 222 (2) (391 SE2d 918) (1990) (trial court did not err in admitting newly discovered evidence that was revealed as soon as practicable after discovery). Furthermore, the trial court acted to reduce the chance for unfair prejudice to Browner by allowing defense counsel to interview

witnesses Brown and McElhannon before they testified. See id. (defense counsel allowed to question newly discovered witness outside presence of jury).

The documents showing evidence seized from the exercise of the search warrant were, according to the prosecutor, received by him on January 3 and sent to defense counsel the same day. However, it does appear that these documents had been in the state's possession for some time. See *Marshall v. State*, 230 Ga. App. 116 (495 SE2d 585) (1998) (evidence garnered by law enforcement agency deemed to be in prosecutor's possession). At the hearing before trial the prosecutor maintained that the documents contained nothing that would be a matter of surprise to the defense, and this assertion was not refuted by defense counsel. Given the lack of a showing of bad faith on the part of the state or prejudice to defense, we conclude that the trial court acted within its discretion in refusing Browner's motion for a continuance.

4. Browner contends the trial court erred in allowing the testimony of witness Brown, and that the trial court also erred in refusing to grant his motion for a mistrial in connection with Brown's testimony. Brown was employed with the City of Winder water department, and he was familiar with the department's application process. According to Brown, in order to establish water service, a customer was required to present evidence of ownership or a lease of the premises to be served, along with identification and a deposit. After Brown testified that applications for water service were made and copies retained in the ordinary course of business of the department, the prosecutor showed Brown a copy of an application card. Brown testified that it was an application, signed by Browner for service at 133 Duke Street, and that the application showed Browner was leasing the premises. During Brown's testimony, defense counsel made a series of objections, including that Brown improperly referred to an item not in evidence, and that defense counsel should be allowed to voir dire Brown as to whether a proper foundation had been laid for the application, all of which were overruled by the trial court.

Upon questioning by defense counsel, Brown testified that he was a meter reader and was not personally involved in receiving water service applications or maintaining records for the department. The trial court then denied the entry of the application into evidence and instructed the jury to disregard Brown's testimony. Browner moved for a mistrial, which the trial court denied.

Even if we assume that the trial court allowed Brown's testimony in error, we find that the trial court's remedial instructions were sufficient to cure the harm resulting from the testimony. "The granting of a motion for a mistrial is within the discretion of the trial court, and the trial court's ruling will not be disturbed when the trial

court has taken remedial measures sufficient to ensure a fair trial." (Punctuation and footnote omitted.) *Carruthers v. State*, 272 Ga. 306, 314 (7) (528 SE2d 217) (2000). We note that other evidence connects Browner to 133 Duke Street. The testimony about the water service application was not so prejudicial to Browner's defense that a mistrial was demanded notwithstanding the trial court's curative measures. Compare *Ates v. State*, 137 Ga. App. 647, 649-650 (224 SE2d 767) (1976) (new trial required despite trial court's attempt to disabuse jury of remark by witness).

5. Browner claims the trial court erred in giving the following jury instruction over the objection of defense counsel:

> If you find that a person owns or leases a house or premises or a vehicle, you will be permitted but not required to infer that such person is in possession of the entire premises and all the property and items located on or in the premises. However, this is a rebuttable inference, and it may be overcome by evidence in the case that others had access to the premises.

Browner contends that there was no admissible evidence showing that he owned or leased the residence at 133 Duke Street, and that the evidence does show that two other persons resided there, and that, accordingly, it was improper to instruct the jury that they could infer possession under the circumstances. See *Morris v. State*, 263 Ga. App. 115, 117 (2) (587 SE2d 272) (2003) (jury instruction must be adjusted to the evidence). We find this argument to be without merit because the illegal drugs were found in the Cadillac, not the house, and there was evidence that Browner owned the Cadillac.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 23, 2004.

*Troy R. Millikan*, for appellant.
*Timothy G. Madison, District Attorney, Anthony B. Williams, Robin R. Riggs, Assistant District Attorneys*, for appellee.